# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | | |
|---|---|---|
| KHELBY CALMESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:25-cv-00055-HEA |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Khelby Calmese's Application to Proceed in District Court Without Prepaying Fees and Costs, Doc. 3, and Motion to Appoint Counsel, Doc. 5.  Based on Plaintiff's financial information, the Court grants his Application and assesses an initial partial filing fee of $64.35.  For the following reasons, on initial review, the Court issues process on Defendant Pascha Allen in her individual capacity.  The Court dismisses Plaintiff's claims brought against Defendants Missouri Department of Corrections (MDOC), Centurion Medical Provider, T. Taylor, and T. Pryor for failure to state a claim

upon which relief may be granted.  The Court also denies without prejudice Plaintiff's motion for appointment of counsel.

## Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account.  28 U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  *Id.*

Plaintiff has submitted a ledger from his prison account for the six-month period from January 12, 2025 to July 12, 2025.  A review of Plaintiff's account shows he had an average monthly deposit of $321.75.  The Court will charge an initial partial filing fee of $64.35, which is 20 percent of his average monthly deposit.

**Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint

filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim

upon which relief can be granted.  To state a claim under 42 U.S.C. § 1983, a

plaintiff must demonstrate a plausible claim for relief, which is more than a "mere

possibility of misconduct."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct

alleged."  *Id.* at 678.  "Determining whether a complaint states a plausible claim

for relief" is "a context-specific task that requires the reviewing court to draw on

its judicial experience and common sense."  *Id.* at 679.  The Court must "accept as

true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements."  *Barton

v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court

must give it the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519,

520 (1972).  A "liberal construction" means that, "if the essence of an allegation is

discernible . . . then the district court should construe the complaint in a way that

permits the layperson's claim to be considered within the proper legal framework."

*Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364

F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts,

which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d

1282, 1286 (8th Cir. 1980).  And "procedural rules in ordinary civil litigation"

need not be "interpreted so as to excuse mistakes by those who proceed without

counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff, an inmate at Eastern Reception Diagnostic Correctional Center

(ERDCC), alleges the medical staff at Northeast Correctional Center (NECC) was

deliberately indifferent to his medical needs.  He names as Defendants MDOC,

Centurion Medical Services, T. Taylor (RN, Centurion), T. Pryor (Regional

Medical Director, Centurion), and Pascha Allen (RN, NECC).  He sues all

Defendants in their individual and official capacities.

On April 17, 2023, Plaintiff had total knee replacement surgery at Capitol

Regional Hospital in Jefferson City, Missouri.  Following surgery, he was admitted

to NECC's medical unit with an order prescribing physical therapy.  He

participated in physical therapy for one session on July 17, 2023, three months

after surgery.  By this point, however, Plaintiff states that his leg had healed

straight.  He states Nurse Pascha Allen refused to send him to physical therapy

because she said, "I w[as] a pain in her ass."  Doc. 1 at 4.  Plaintiff states that he

wrote to "Zone Director Ryan Crews" who then talked to the Warden at NECC about Plaintiff's condition.[1]

On November 9, 2023, Plaintiff was seen by Dr. Galbraith for a "manipulation under anesthesia," (MUA) and was again prescribed physical therapy. Doc. 1 at 4. In August 2024, he saw Dr. Galbraith to discuss a second MUA. Dr. Galbraith stated Plaintiff had a 40 percent chance of a second MUA working. Plaintiff states that he has not had corrective surgery.

Plaintiff states that Defendants T. Taylor, RN, and T. Pryor, MD, reviewed his grievance appeal and agreed that by not giving Plaintiff physical therapy, the adhesions grew in his leg. Plaintiff alleges Defendants T. Taylor and T. Pryor knew he was not receiving physical therapy or proper medical treatment. Plaintiff states these medical professionals agreed with his grievance but referred him back to Pascha Allen.

For his injuries, Plaintiff states that he can barely walk, requires a cane to stand, and feels pain in his hips and back. He has sought mental health treatment for his anguish and depression. Plaintiff states that he experiences stress because he cannot walk normally and has a throbbing pain in his leg. For relief, he seeks a

---

[1] Plaintiff has brought a separate case alleging officers retaliated against him for filing the grievance against Defendant Pascha Allen, *Calmese v. Missouri Dep't of Corr.*, 4:25-cv-00049-HEA (E.D. Mo. filed July 3, 2025). He alleges that in retaliation for this grievance, officers transferred him into administrative segregation and then transferred him to the Eastern Reception Diagnostic Correctional Center.

surgery to remove the adhesions in his leg.  He also seeks $850,000 in punitive damages.

## Discussion

Plaintiff asserts a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment.  For the reasons discussed below, the Court will issue service on Defendant Pascha Allen and will dismiss this action without prejudice as to the remaining Defendants.

### 1.    Defendant Pascha Allen

Plaintiff alleges Defendant Pascha Allen was deliberately indifferent to his serious medical needs when she refused to send him to physical therapy after his total knee replacement surgery.  To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need.  *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019).  In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cnty.*, 801 F.3d 912, 920 (8th Cir. 2015).  Under the objective prong, the plaintiff must establish that he suffered from an objectively serious medical need, while under the subjective prong, he or she must show that a prison official actually knew of but disregarded that serious medical need.  *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014).

-6-

Plaintiff states that after his knee replacement, he was sent back to NECC with orders for physical therapy.  He states he received physical therapy once, but it was three months after his surgery and his leg had already healed straight.  He sought physical therapy from Defendant Allen, but she said, "[Plaintiff] was a pain in her ass," and did not refer him to therapy.  Doc. 1 at 4.

Plaintiff has plausibly alleged Defendant Allen was deliberately indifferent to his serious medical need when she refused to send him to physical therapy.  The Court will order the Clerk of Court to issue service on Defendant Allen in her individual capacity.

### 2.    Defendant MDOC

Plaintiff's claim against MDOC must be dismissed for failure to state a claim.  "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights."  *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008); *see also Deretich v. Office of Admin Hearings*, 798 F.2d 1147, 1154 (8th Cir. 1986) (stating that "[§] 1983 provides a cause of action against persons only").  However, "neither a State nor its officials acting in their official capacity are 'persons' under §1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Furthermore, an agency exercising state power is also not a person subject to suit under §1983.  *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991).  Moreover, the

Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007). Therefore the Court will dismiss Plaintiff's claims brought against Defendant MDOC for failure to state a claim upon which relief may be granted.

### 3.   Defendant Centurion Medical Services

Plaintiff also names as a Defendant Centurion Medical Services, the company that contracts with MDOC to provide medical care at their facilities. "A corporation acting under color of state law cannot be liable on a respondeat superior theory." *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007). Rather, to support a claim against such a corporation, the plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006).

Plaintiff has not alleged any policy, custom, or action by an official policy maker at Centurion Medical Services caused his injury. The Court will dismiss his claims against Centurion for failure to state a claim upon which relief may be granted.

### 4.   Defendants T. Taylor and T. Pryor

Defendants T. Taylor (RN, BSN, Centurion), and T. Pryor (M.D. Regional Medical Director, Centurion) responded to Plaintiff's grievance appeal dated April 15, 2024. *See* Doc. 1-1 at 5. These Defendants reviewed Plaintiff's medical

records, and noted that Plaintiff was correct that he was seen only once for physical therapy.

> Upon review of your medical record, grievance records, and investigation of your concern, it is noted that you are correct that you were only seen one time for physical therapy. You have been sent back to the orthopedic physician and found to have adhesions that need to be cared for. A referral has been placed and approved. You will be scheduled at the earliest date the surgeon can do the procedure. Afterward you will be educated on what therapy needs to be completed. This will be your responsibility to complete with outside supervision.

Doc. 1-1 at 5.

Plaintiff's claims against these Defendants is that they "knew [he] wasn't receiving therapy[] or proper medical treatment, they agreed with my grievance . . . and then referred me back to Pascha Allen . . . after they went against P. Allen . . . now I did not stand a chance of getting anything but retaliated against." Doc. 1 at 7. Plaintiff's factual allegations do not indicate that Defendants Taylor or Pryor disregarded any serious medical need, and not with a highly culpable state of mind approaching actual intent. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Plaintiff's allegations establish only that Taylor and Pryor responded to his grievance, stated that his referral had been approved, and that Plaintiff would be scheduled as soon as possible to see a surgeon. Plaintiff does not allege that these Defendants were involved in his medical treatment or delayed that treatment in any way. Plaintiff's factual allegations do not support an inference that Defendants T. Taylor and T. Pryor are liable for the misconduct alleged. *See Iqbal*, 556 U.S. 678.

For these reasons, Plaintiff's claims against these Defendants will be dismissed for failure to state a claim upon which relief may be granted.

## Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

-10-

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees and costs is **GRANTED**.  Doc. [3]

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $64.35 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it:  (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint, pursuant to the service agreement the Court maintains with Centurion, as to Defendant Pascha Allen in her individual capacity.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants Missouri Department of Corrections, Centurion Medical Provider, T. Taylor, and T. Prior are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** without prejudice.  Doc. [5]

An Order of Partial Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 6th day of February, 2026.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE